IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUIPMENT FINANCE LLC, | : | |
| Plaintiff | : | Civil Case Number |
| | : | |
| v. | : | |
| | : | |
| CAROLYN HORN, | : | NO. 09-cv-2663 |
| dba CAROLY HORN USED EQUIPMENT | : | |
| Defendant | : | |

MEMORANDUM

**Stengel, J.**                                                                          **November 23, 2009**

Plaintiff Equipment Finance LLC delivered to defendant Carolyn Horn numerous

checks for equipment she was to deliver to various borrowers, alleged borrowers, or

others who were to deliver the equipment to borrowers.  Equipment Finance alleges Ms.

Horn never delivered the equipment for which she was paid.  It contends Ms. Horn was

unjustly enriched and breached an implied contract when she deposited the checks from

Equipment Finance.  Equipment Finance filed a motion for summary judgment.  For the

reasons set forth below, I will deny this motion.

**I.      FACTS**

Carolyn Horn conducted an un-incorporated business known as Carolyn Horn

Used Equipment.  Compl. at ¶ 1.  Equipment Finance paid Ms. Horn to finance the

purchase of equipment.  Ms. Horn was supposed to deliver this equipment to various

borrowers, alleged borrowers, or to others who were supposed to deliver the equipment to

the borrowers.  Compl. at ¶ 5.

Ms. Horn received money for the equipment in checks of varying amounts between April 20, 2004 and December 7, 2006. See Compl. at Exh. A-Q. Equipment Finance alleges it was informed Ms. Horn did not deliver the equipment, even though she received money for the delivery of such equipment. Compl. at 6. Ms. Horn alleges she does not owe Equipment Finance money, did not borrow money from Equipment Finance, and did not enter into an agreement with Equipment Finance. Answer at ¶¶ 2, 4.

An affidavit of Wiley Spann was filed in opposition to Equipment Finance's motion for summary judgment. Mr. Spann was the equipment dealer for the transactions between Ms. Horn and Equipment Finance. Affidavit at ¶ 6. Mr. Spann contends, for each payment Ms. Horn received from Equipment Finance, Mr. Spann received equipment from Ms. Horn, and distributed such equipment to the buyers, himself, or his companies.

Equipment Finance has asserted an implied contract claim and an unjust enrichment claim against Ms. Horn.

## II.    SUMMARY JUDGMENT MOTION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" when a reasonable jury

could return a verdict for the non-moving party based on the evidence in the record. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" when it could affect the outcome of the case under the governing law. Id.

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met simply by demonstrating "to the district court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is therefore appropriate when the non-moving party fails to rebut by making a factual showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Under Rule 56 of the Federal Rules of Civil Procedure, the court must view the evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Anderson, 477 U.S. at 255. The court must decide not whether the evidence unmistakably favors one side or the other, but whether a

fair-minded jury could return a verdict for the plaintiff on the evidence presented.  Id. at

252.  If the non-moving party has produced more than a "mere scintilla of evidence"

demonstrating a genuine issue of material fact, then the court may not credit the moving

party's version of events against the opponent, even if the quantity of the moving party's

evidence far outweighs that of its opponent.  Big Apple BMW, Inc. v. BMW of N. Am.,

Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).


A.    Evidence Considered

Equipment Finance maintains Ms. Horn's answer to the complaint does not deny

she received the money and does not deny she gave no consideration for the money.

Therefore, because these averments required a responsive pleading, they are admitted

because she failed to deny the averments.  Memorandum of Law in Support of Plaintiff

Equipment Finance LLC's Motion for Summary Judgment at 2, Equipment Finance, LLC

v. Horn, No. 09-2663 (E.D. Pa. filed Sept. 30, 2009) (citing Fed. R. Civ. Proc. 8(d))

[hereinafter Plaintiff's Memorandum of Law].  In addition, Ms. Horn failed to answer

Equipment Finance's request for admissions.  Therefore, Equipment Finance contends

those request for admissions should be deemed admitted.  Id. (citing Fed. R. Civ. P. 36).

Pro se pleadings must be liberally construed.  See Dluhos v. Strasberg, 321 F.3d

365, 369 (3d Cir. 2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002)).

Similarly, a pro se litigant is "traditionally given . . . greater leeway where they have not

followed the technical rules of pleading and procedure."  Tabron v. Grace, 6 F.3d 147,

153 n.2 (3d Cir. 1993).

Although Ms. Horn's answer does not specifically deny each averment contained in the complaint, it does deny she owes money to Equipment Finance and does deny she is indebted to Equipment Finance. Answer at ¶ 2, 5. In addition, Ms. Horn failed to respond to the request for admissions. However, Equipment Finance did not send the requests a second time and, prior to the summary judgment motion, did not send the court any documents noting Ms. Horn failed to respond to discovery requests.[1] Moreover, although the requests for admissions state they were served pursuant to Federal Rule of Civil Procedure 36, the requests did not state a response was required. See Plaintiff's Memorandum of Law at Exh. 3.

Accordingly, I find Ms. Horn did not admit averments in Equipment Finance's complaint to which she failed to specifically respond. In addition, I find the requests for admissions are not deemed admitted.[2]

B.     Implied Contract and Unjust Enrichment

To prove an unjust enrichment, the plaintiff must prove: "(1) benefits conferred on

---

[1]  Moreover, it appears the requests for admissions deal with Ms. Horn's receipt of the checks from Equipment Finance. Even if these are deemed admitted, it would not preclude a finding for Ms. Horn. If she delivered the required equipment, she would have fulfilled the implied contract and would have been entitled to the money.

[2]  In addition, because pro se filings are to be construed liberally, I will consider the Affidavit filed in response to the summary judgment motion. Although the affidavit is not a response to a motion, and was filed after the response deadline, it does establish a genuine issue of material fact exists.

defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance

and retention of such benefits under such circumstances that it would be inequitable for

defendant to retain the benefit without payment of value." Limbach Co., LLC v. City of

Philadelphia, 905 A.2d 567, 575 (Pa. Commw. Ct. 2006). "Where unjust enrichment is

found, the law implies a contract." Id. (citing Schench v. K.E. David, Ltd., 666 A.2d 327,

328-29 (1995)).

Equipment Finance did confer a benefit on Ms. Horn, and such benefit was

appreciated by Ms. Horn, when Equipment Finance sent checks to Ms. Horn, which she

deposited. However, a question of fact remains as to whether "it would be inequitable for

[Ms. Horn] to retain the benefit without payment of value." Ms. Horn, through Mr.

Spann's affidavit, alleges she delivered the equipment for which Equipment Finance paid

her.

Whether the equipment was delivered in exchange for the payments received from

Equipment Finance is a "genuine" issue because "a reasonable jury could return a verdict

for the non-moving party" based on evidence Ms. Horn delivered the equipment to the

respective individuals. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)

(stating the summary judgment standard). This dispute is "material" because it "could

affect the outcome of the case under the governing law." See Id. (citing summary

judgment standard); Limbach Co., LLC, 905 A.2d at 575 (citing unjust enrichment

elements). Because a genuine issue of material fact remains, summary judgment is not

appropriate.

Accordingly, I will deny Equipment Finance's summary judgment motion.

An appropriate order follows.